UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.  CR05-5473-RBL-JPD |
| v. | ) |
| | ) |
| JING ZHENG, a/k/a YUE ZHAO, | ) DETENTION ORDER |
| | ) |
| Defendant. | ) |
| _____ | ) |

Offenses charged:

   Count 1:  Conspiracy to harbor and induce illegal aliens in violation of 8 U.S.C. § 1324; and

   Count 2:  Concealing and harboring illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(ii).

Date of Detention Hearing:  July 14, 2005

   The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The Pretrial Services Report of July 14, 2005, indicates that defendant made his initial appearance on June 30, 2005, as a material witness. Defendant was subsequently detained as a risk of nonappearance and has been held in detention.

(2) Defendant's ties to this community and to the Western District of Washington are unknown.

(3) The defendant has stipulated to detention due to the detainer placed on defendant by the Bureau of Immigration and Customs Enforcement, but reserves the right to the possibility of a subsequent motion for release if there is a change of circumstances

(4) There appear to be no conditions or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

01         DATED this 15th day of July, 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge